56 N.J. Super. 502 (1959)
153 A.2d 708
IN THE MATTER OF THE APPEAL OF HAROLD COHEN.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1959.
Decided July 10, 1959.
*504 Before Judges CONFORD, FREUND and HANEMAN.
Mr. E. Alexander Edelstein argued the cause for defendant-appellant (Messrs. Edelstein and Edelstein, attorneys).
Mr. Ascenzio R. Albarelli argued the cause for plaintiff-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
Defendant appeals from a determination of the Civil Service Commission which sustained, in part, charges of misconduct preferred against the appellant, a police officer of the City of Asbury Park, by the city manager of the municipality, and affirmed his dismissal from office by the city manager on a finding of guilt after hearing.
The Commission, after a hearing de novo, found appellant guilty of "conduct unbecoming an employee in public service" and of the following specific acts: (1) removal of money from parking meters of the city on Lake Avenue, and, in violation of instructions, failing to place it in a receptacle provided for that purpose; also in removing the head of the meter and retaining possession of it; (2) on another occasion failing to place money collected from a parking meter on Third Avenue in the receptacle provided, contrary to instructions; (3) soliciting a meter collector to give him part of the meter collections; (4) soliciting another meter *505 collector to give him part of the collections; (5) admitting to another police officer having appropriated to himself moneys from parking meters; (6) being found in the city hall in the evening of November 21, 1956 by a police officer and admitting to him he was trying to get into the desk of the city manager to obtain keys to parking meters.
Defendant denied guilt and contended the charges against him were contrived by a new City Manager as political retaliation.
We dispose forthwith of the ground of appeal that the "verdict is not supported by the evidence." We have read the record of the proceedings and are satisfied the Commission had sufficient before it to warrant its determination that defendant was guilty of each of the acts charged to him mentioned above. The issues are largely factual and depend considerably upon credibility. The position of the Commission is superior to ours in judging credibility. Certain observations on the evidence and the formal decision of the Commission seem desirable, however.
In reference to charges designated (1) and (2), above, the decision states that defendant was assigned to collect from parking meters in April or May 1955, and also that the testimony of former City Manager Armstrong was that he gave defendant the instructions relative to method of disposition of moneys collected from meters early in 1954. This apparent discrepancy in dates seems to be cleared up by the testimony of the witness Godfrey that defendant had been assigned temporarily to assist in collections at the earlier time, identified by the witness and Armstrong as the occasion of the taking of a news photo of Armstrong, Godfrey and defendant at one of the meters at the time when a new coin collecting device went into service.
Charge numbered (6) above, which is 2(G) on the original list of charges, reads:
"(G) On November 21st, 1956, in the evening, you did admit to Police Officer Nelson Herbert, when you were found in City Hall that night, that you were trying to and would like to get into the *506 desk of the then City Manager Armstrong to obtain keys to the parking meters."
This gives the impression that defendant was in the building surreptitiously on the occasion mentioned. This, however, is not borne out by the proofs. The evidence is that the prosecuting witness, Herbert, was summoned to city hall by a radio message that the defendant had found a side door of the building open and reported that fact to the desk sergeant. Nevertheless the gravamen of the charge was the remark made by defendant to Officer Herbert, and as to this the Commission was warranted in its factual determination against the defendant.
The charge that defendant attempted to induce the meter collector, Faulhaber, to give defendant part of his collections was not supported literally by the proofs. Faulhaber testified that defendant told him that if he wanted certain other officers "to lay off your back and stop following you" he would have to give them a can of coins as they came by in their cars. He mentioned the names of five officers. He also told the witness "that later on he would make a proposition, a proposition together, he and I." We think that the entirety of this episode, as recited by the witness, sufficiently imports in substance and intent, though not literally, the allegation of the charge that defendant "did attempt to induce * * * Faulhaber * * * to give you a certain amount of the meter collections" and that affirmance by the Commission of the finding of guilt thereof was justified by the evidence.
At the argument defendant made a point not included in its brief or in the specification therein of the questions involved  that defendant as a police officer could only have been prosecuted in a removal proceeding by the police department under N.J.S.A. 40:47-6, dealing generally with removal of municipal policemen or firemen, rather than by the city manager under N.J.S.A. 11:22-38, dealing with the removal of local employees generally. No authority is cited for this proposition and we pass it.
*507 The brief does argue that removal of a policeman could be grounded on only such causes as are specified in N.J.S.A. 40:47-6, of which the only one presently material is "misconduct." From this premise defendant goes on to contend that none of the acts charged against him constitute misconduct in office and that he has not in fact been charged with misconduct but "under a general allegation of conduct unbecoming an employee in public service." For purposes of this case we will concede that defendant, as a policeman, is removable only for grounds specified in N.J.S.A. 40:47-6, including "misconduct." We nevertheless find that the itemized charges mentioned above, at least as to items (1), (2), (3) and (4), constitute misconduct in office and that the notice of charges preferred against the defendant need not denominate them as "misconduct" (although it would be better practice if it did), so long as they are substantively described and satisfactorily proven, and, as a matter of law, constitute misconduct in office.
Of the above numbered items, those from (1) to (4), inclusive, constitute misconduct in office, for purposes of a proceeding to remove a policeman from office. The first two of these obviously bear on the performance of the defendant's official duties. As to the others, it matters not whether they relate directly to performance of the defendant's official duties, so long as the acts charged tend to reflect upon and impair the morale and discipline of the police force. Herbert v. Atlantic City, 87 N.J.L. 98, 101 (Sup. Ct. 1915), quoted with approval in Ward v. Keenan, 3 N.J. 298, 311 (1949); and see Martin v. Smith, 100 N.J.L. 50, 52 (Sup. Ct. 1924). Every one of the acts referred to, of which defendant was found guilty, is of a nature which would tend to reflect upon and impair the morale of the police department  in the case of the charges of solicitation of municipal employees to misappropriate parking meter collections, egregiously so. Adjudication of guilt of these latter charges alone would have made any *508 punishment of defendant short of dismissal from the force unthinkable. Thus we conclude that defendant was removed for "misconduct" as a police officer, fully consonant with N.J.S.A. 40:47-6. For the same reason it does not matter whether the last two charges (5 and 6, above), involving confessions of criminal acts or intent, of themselves constitute misconduct in office. We pass the merits of that question. Guilt of the first four charges, taken collectively, and apart from anything else, constitutes misconduct so serious as to have compelled removal.
Finally, defendant charges that the Commission decided the case on less than all of the evidence in the proceedings, and, also, under the influence of newspaper clippings carrying reports of the case. The latter objection may be disposed of briefly. One of the Commissioners admitted having read a newspaper article pertaining to the resignation of a witness but stated at the hearing it would not influence his decision. There is no claim or showing that it actually did. The point is without merit.
The other objection is based upon the circumstance that the testimony of the present city manager of Asbury Park, Kendall H. Lee, was, by special arrangement, taken by depositions on behalf of the city, and is part of the record, but does not appear to have been considered by the Commission, as it is not mentioned in the decision and the name of the witness is not listed as one of those heard. There has been no explanation of the latter circumstances. Certainly the Commission should have given consideration to this testimony as part of the case. But even if it did not (possibly through inadvertence), we cannot find the omission prejudicial to the defendant. Mr. Lee was not a defense witness. He was called by the city, and only in rebuttal of testimony by the defendant as to certain alleged conversations between them supposedly bearing upon the city's bad faith in bringing this proceeding. The direct testimony of Mr. Lee consisted only of denials of such conversations. On cross-examination of the witness, *509 defendant, over objection, went outside the scope of the direct examination, and improperly refused to accept responsibility for such examination as making the witness his own to that extent. In any event, defendant does not indicate how anything brought out in Mr. Lee's testimony substantially affects the evidential case against him, nor do we find anything therein to indicate any degree of likelihood that a consideration thereof by the Commission would or should have altered its conclusion of defendant's guilt of the charges made against him.
Affirmed.