141 N.J. Super. 308 (1976)
358 A.2d 207
WILLIAM A. DANTON, APPELLANT,
v.
STATE OF NEW JERSEY, ON BEHALF OF THE DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF ALCOHOLIC BEVERAGE CONTROL; LEONARD D. RONCO, DIRECTOR OF DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1976.
Decided April 12, 1976.
*310 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Richard F. Plechner argued the cause for the appellant (Mr. Alan A. Davidson on the brief).
*311 Mr. David S. Piltzer, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by MILMED, J.A.D.
This is an appeal from a decision of the Director of the Division of Alcoholic Beverage Control suspending appellant William A. Danton for three months from his position as senior inspector in the Division. Danton had been charged, in three specifications, with having acted and behaved in his official capacity in such a manner as to dishonor and discredit the Division, in violation of Rule 5 of Regulation No. 1 of the Enforcement Bureau of the Division, and with having engaged in conduct constituting just cause for disciplinary action against him, in violation of N.J.S.A. 33:1-4(d). The matter was heard before a Division hearer, whose findings and conclusions were adopted by the Division Director. Danton was found guilty of violating Rule 5 as to two of the specified charges. Specifically, he was found guilty of making threatening remarks to the manager of a licensed tavern at which he was conducting an official inspection and of pouring into a sink the contents of a bottle of wine, without valid cause. He was found not guilty of the remaining specified charge, i.e., that by his "actions and words" he "solicited and expressed" to the manager of the tavern his "willingness to accept from him something of value."
On this appeal Danton contends in essence that (1) the Division should have been barred from charging him because of an inordinate delay in the institution of proceedings; (2) the regulation under which he was suspended is unconstitutionally vague; (3) there is insufficient credible evidence present in the record to sustain the findings, and (4) the period of suspension imposed is "excessive and harsh".
The manager of the tavern complained against Danton to the Division some four months after the alleged occurrences. About ten months thereafter the Division confronted Danton *312 with the substance of the charge, and some three months after that a formal charge was served upon him. The hearing was held two months later.
The delay complained of is that between the date of the incident and the service of charges. Danton claims that he was substantially prejudiced by the delay since "Recall was difficult and negative inferences were drawn therefrom by the Hearer."
"Delay will not, generally, affect the validity of administrative decisions," In re Darcy, 114 N.J. Super. 454, 462 (App. Div. 1971), particularly where no prejudice is shown. Id. We have carefully canvassed the record and we find no substance to appellant's claim of "substantial prejudice." The clarity, precision and detail of Danton's testimony on direct examination at the Division hearing flatly contradicts his claim that "[R]ecall was difficult." In re Arndt, 67 N.J. 432 (1975), relied upon by appellant, is inapposite. There the court pointed out that it was clear from the language of the pertinent statute, i.e., N.J.S.A. 39:4-50.4, "that the Legislature contemplated that the Director [of the Division of Motor Vehicles] should move promptly to process the violation [refusal to submit to a breath chemical test after having been arrested on suspicion of driving while under the influence of intoxicating liquors] after notification by the police." As the court observed:
This direction is apparently designed primarily to serve the statutory policy of protecting the traveling public by removing the offending driver from the highways with reasonable dispatch. [At 435-436]
No similar statute is present in the matter now before us. Beyond this, while we find no reasonable excuse for, and do not condone, the Division delay in this case, since there has been no showing of prejudice we hold the administrative determination to be unaffected thereby.
We find no merit in appellant's claim that the regulation under which he was suspended is unconstitutionally vague. *313 He was charged with violating both Rule 5 of Regulation No. 1 of the Enforcement Bureau of the Division and N.J.S.A. 33:1-4(d). The charge of violating Rule 5 was that he "acted and behaved" in his "official capacity in such a manner as to dishonor and discredit the Division." The charge of violating N.J.S.A. 33:1-4(d) was that he "engaged in conduct constituting just cause for disciplinary action against" him. The specifications, which apply to each charge, read:
On July 2, 1973, while you were conducting an official inspection of the licensed premises of Anna L. Kiziukiewicz, t/a Malibar Lounge, at 420 North Broad Street, Elizabeth, New Jersey, you (1) made threatening remarks to John J. Kiziukiewicz, the manager of said premises, viz., that you could and would "frame" him of a violation, that you would find a violation at the premises and that he would have to pay a substantial fine; (2) by your actions and words solicited and expressed to said John J. Kiziukiewicz your willingness to accept from him something of value, and (3) without valid cause poured into a sink the contents of a bottle of wine.
We are satisfied that, in the circumstances of this case, neither the statute nor Rule 5 is unconstitutionally vague. N.J.S.A. 33:1-4(d) provides, in pertinent part, that a Division inspector who has been employed as such for a period of three years "shall serve during good behavior and shall not be removed except for cause." Compare the removal "for cause" provision in N.J. Const. (1947) Art. V, § IV, par. 5. Such "cause" includes acts of misconduct. Russo v. Governor of New Jersey, 22 N.J. 156, 167 (1956). Appellant, a law enforcement officer, could be disciplined for any misconduct which adversely affected the morale or efficiency of the Division or the public respect for its members, and a "finding of misconduct need not be predicated upon the violation of any particular regulation or rule." Asbury Park v. Dept. of Civil Service, 17 N.J. 419, 429 (1955); In re Cohen, 56 N.J. Super. 502, 507 (App. Div. 1959), certif. den. 31 N.J. 297 (1960). And notice of the charges preferred against him was not required to denominate *314 them "as `misconduct' (although it would be better practice if it did), so long as they [the charges] are substantively described and satisfactorily proven, and, as a matter of law, constitute misconduct in office." In re Cohen, supra, 56 N.J. Super. at 507. We are satisfied that the conduct of which defendant was found guilty constitutes misconduct and sufficient "cause" within the intendment of N.J.S.A. 33:14(d). In the circumstances of this case, the phrase "for cause" in the statute is clearly not unconstitutionally vague. See In re Berardi, 23 N.J. 485, 492-493 (1957).
Nor do we find any unconstitutional vagueness in the terms of Rule 5 of Regulation No. 1 of the Enforcement Bureau of the Division. That rule provides:
No Bureau investigative employee shall act or behave in such manner as to dishonor or discredit the Division either in his official or private capacity, or engage in any conduct contrary to his Oath of Office or Oath of Allegiance.
The rule falls within the ambit of the statute, N.J.S.A. 33:1-4(d). And Danton had fair notice from the language of the specifications served upon him that the particular conduct with which he was being charged could, if proven, subject him to disciplinary action. So long as his alleged conduct squarely fell within the prohibitions of the rule, he was in no position to successfully challenge the "vagueness" of the language merely because its "application to other behavior is uncertain." Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439, 457 (1974). "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Id., 417 U.S. at 756, 94 S.Ct. at 2562, 41 L.Ed.2d at 458.
From our review of the record we are satisfied that there is sufficient evidence therein to support the findings that Danton made threatening remarks to the manager of a tavern he was inspecting and that without valid cause he poured the contents of a bottle of wine into a sink on the premises. We discern no sound basis for disturbing those *315 findings. "The choice of accepting or rejecting the testimony of witnesses rests with the administrative agency, and where such choice is reasonably made it is conclusive on appeal." Pilon v. Paterson Bd. of Alcoholic Bev. Cont., 112 N.J. Super. 436, 441 (App. Div. 1970).
Finally, in the totality of the circumstances we find no merit in appellant's claim that the three-month suspension imposed upon him "is excessive and harsh." See Butz v. Glover Livestock Commission Co., 411 U.S. 182, 185-186, 93 S.Ct. 1455, 36 L.Ed.2d 142, 146-147 (1973), reh. den. 412 U.S. 933, 93 S.Ct. 2746, 37 L.Ed.2d 162 (1973).
The determination and order of the Director under review is affirmed.