154 N.J. Super. 500 (1977)
381 A.2d 1226
CLIFTON BOARD OF EDUCATION, PLAINTIFF-RESPONDENT,
v.
CLIFTON TEACHERS ASSOCIATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1977.
Decided December 13, 1977.
*502 Before Judges LYNCH, BISCHOFF and KOLE.
Mr. Gerald M. Goldberg argued the cause for appellant (Messrs. Goldberg & Simon, attorneys; Messrs. Theodore M. Simon and Louis P. Bucceri, on the brief).
Mr. John E. Nemetz, Jr., argued the cause for respondent.
PER CURIAM.
Defendant Clifton Teachers Association (Association) appeals from an order permanently enjoining the arbitration of a contested issue.
The Association and the Clifton Board of Education (Board) are parties to a collective bargaining agreement effective July 1, 1975 to July 1, 1977. Prior to negotiation of the contract it had been the practice of the Board to evaluate the performance of nontenured teachers three times a year and tenured teachers two times a year. The contract contained provisions concerning this evaluation procedure.
During the '75-'76 school year, while negotiations for the subject contract were in progress, some of the teachers (members of the Association) refused to perform some professional duties, such as participation in PTA meetings, remedial reading instruction, home and school meetings and others.
*503 This "job action" was undertaken at the instigation of the Association in order to apply pressure on the Board in the contract negotiations.
The Board, perceiving the action taken by the teachers to be illegal, sent a memorandum to all principals instructing them to notify all teachers that the continuation of any such job action would be noted on the teachers' individual evaluation form. The job action continued, with the result that notations were made on some teachers' evaluation forms concerning their participation therein.
The Association instituted grievance procedures alleging that this action of the Board violated the contract in four specific areas: (1) preamble, (2) personal and academic freedom, (3) teacher evaluation and (4) teacher rights. The grievance was denied at all levels. The Association then filed a demand for binding arbitration, the final level of the grievance procedure.
The nature of the dispute alleged was:
The improper administration and interpretation of the teacher evaluation procedure and other related contract provisions.
The remedy sought was removal from the teachers' forms of the notations as to participation in the alleged job action. The Board filed a complaint seeking an injunction against arbitration, and following a hearing an order was entered permanently enjoining the arbitration. This appeal by the Association followed.
The duty to arbitrate springs from contract, and the parties can only be compelled to arbitrate those matters which are within the scope of the arbitration clause of their contract. Moreira Constr. Co., Inc. v. Wayne Tp., 98 N.J. Super. 570 (App. Div. 1968), certif. den. 51 N.J. 467 (1968); Wm. J. Burns, etc., Inc. v. N.J. Guards Union, Inc., 64 N.J. Super. 301 (App. Div. 1960), certif. den. 34 N.J. 464 (1961); Harsen v. West Milford Tp. Bd. of Ed., 132 N.J. Super. 365 (Law Div. 1975). When there is a *504 dispute as to whether a grievance falls within the terms of the arbitration clause of the contract, it is the duty of the courts to determine whether the matter is arbitrable. Moreira Constr. Co., Inc. v. Wayne Tp., supra; Wm. J. Burns, etc., Inc. v. N.J. Guards Union, Inc., supra. However, in determining whether a matter is arbitrable, the court is limited to ascertaining whether the party seeking arbitration is making a claim which, on its face, is covered by the contract and within the arbitration clause. The court may not, in any way, pass upon the merits of the actual dispute. Jersey Central Power & Light Co. v. Local Union No. 1289, etc., 38 N.J. 95, 104 (1962); United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 568, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). If the arbitrator is found to have jurisdiction over a matter, the court must send it to arbitration, even though the court may think the dispute is patently frivolous. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).
The basic contention on this appeal is that, while the trial judge recognized these principles, he incorrectly interpreted the arbitration provision of the contract and decided the merits of the controversy.
The arbitration provision of the contract provides:
Any grievance concerning the administration and/or interpretation of this agreement shall be subject to arbitration * * *.
The section of the contract headed "Teacher Evaluation" provides:

* * * * * * * *

D. No teacher shall be given an adverse evaluation of his professional services without just cause.
The trial judge held that since the contract was silent with respect to the standards to be applied in making the teacher evaluations, the selection of the standards remained a matter of "managerial prerogative" and, hence, the dispute had *505 not been included within the arbitration clause of the contract. He further held that establishment of a system of teacher evaluation with appropriate standards could be the subject of negotiation, but that this contract was silent on that issue. We disagree.
The contract provides that no adverse evaluation of a teacher's professional services shall be given without just cause. The phrase "without just cause" in this context furnishes an adequate standard for either administrative or judicial action. Illustrations of situations where a similar statutory standard has been held valid are: N.J.S.A. 18A: 6-10, dismissal and reduction in compensation of persons under tenure in public school systems; Laba v. Newark Bd. of Ed., 23 N.J. 364, 384 (1957); In re Tenure Hearing of Grossman, 127 N.J. Super. 13, 28-29 (App. Div. 1974); N.J.S.A. 45:19-12, revocation of license issued pursuant to Private Detective Act of 1939 for cause; In re Berardi, 23 N.J. 485, 491-93 (1957); N.J.S.A. 33:1-4(d), inspectors, investigators and executive assistants appointed by Director of Division of Alcoholic Beverage Control who have served for a period of three years are not removable from office "except for cause"; see also, Danton v. State, 141 N.J. Super. 308, 313-14 (App. Div. 1976); Sanitary Vendors, Inc. v. Byrne, 40 N.J. 157 (1963); State v. Hudson Cty. News Co., 35 N.J. 284, 298 (1961).
We, therefore, hold that the dispute between the parties here is one covered by the arbitration clause of the contract. It involves a "grievance concerning the administration and/or interpretation of [the contract]."
The judgment entered below is reversed and the complaint is dismissed.