159 N.J. Super. 123 (1978)
387 A.2d 378
CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT,
v.
ANTHONY BELLEZZA, JR., ET AL., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1978.
Decided May 9, 1978.
*125 Before Judges LYNCH, KOLE and PETRELLA.
Mr. Thomas W. Matthews, Assistant Corporation Counsel, argued the cause for appellant (Mr. Milton A. Buck, Corporation Counsel, attorney).
Mr. Ernest A. Barbaris argued the cause for respondent Bellezza (Messrs. Barbaris & Skripek, attorneys, Mr. Joseph P. Skripek on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent Civil Service Commission, filed statement in lieu of brief.
The opinion of the court was delivered by PETRELLA, J.S.C. (temporarily assigned).
The City of Newark appeals a determination by the Civil Service Commission adopting the findings and determinations of a hearing officer requiring the reinstatement of respondent Anthony Bellezza, Jr. as a Newark patrolman and awarding him back pay (less amounts received as pay in other employment *126 as mitigation of damages) and counsel fees under N.J.S.A. 40A:14-155.

I
A Civil Service hearing was held in August 1976 and the record supports the findings of facts stated. Respondent was then age 25, weighed about 275 pounds, and is 5' 11" in height. He was employed as a patrolman by Newark on July 1, 1972. In July 1974 he received a back injury, which is being disputed in another forum as to whether it is compensable under the Workers' Compensation Law. After that injury respondent was absent from duty from July 15, 1974 through October 24, 1974, when he returned for three hours on orders of the police surgeon who held the rank of deputy chief. As a result of a letter from his own doctor indicating a back operation was scheduled, as well as a telephone call to the police surgeon from his attorney, respondent was relieved from duty that same day. A laminectomy was performed on respondent November 3, 1974. He remained out of work until about November 1975, when he attempted to report back on duty after being released by his doctor.
In early 1976 respondent was served with a Civil Service form captioned "Preliminary Notice of Disciplinary Action," which indicated an intent to remove him from his position because of his inability to perform his duties due to his physical condition.
An orthopedist retained by the city to examine respondent testified that in his opinion respondent was disabled to the extent of 5% permanent total of the back, and expressed the opinion that he should not be performing strenuous work. Although respondent did not produce his own medical expert, that orthopedist conceded on cross-examination that respondent, who regularly lifted weights of up to 200 or 220 pounds, could do anything that he wanted to do. In addition, the police surgeon testified that he had permitted *127 another policeman who had had a laminectomy to return to active duty.
Appellant complains that it was error to have allowed respondent to testify to statements of his doctor to the effect that his back operation was a complete success and that there was no reason for respondent not to return to work. In administrative hearings the rules of evidence are not as strictly applied as in court proceedings. See In re application of Howard Savings Bank, 143 N.J. Super. 1, 6 (App. Div. 1976); David v. Strelecki, 97 N.J. Super. 360, 368 (App. Div. 1967), rev'd on other grounds, 51 N.J. 563, cert den., 393 U.S. 933, 89 S.Ct. 291, 21 L.Ed.2d 269 (1968). See also, N.J.S.A. 52:14B-10(a). In any event, we have carefully reviewed the entire record, including the testimony of the orthopedist, and find sufficient credible testimony in the record to support the Commission determination ordering the reinstatement of the respondent with back pay, less amounts in mitigation. See Campbell v. Civil Service Dep't, 39 N.J. 556, 562 (1963); Harvard v. Bushberg Bros., Inc., 137 N.J. Super. 537, 540-542 (App. Div. 1975), certif. granted, 71 N.J. 493, appeal withdrawn (1976). Any error as to hearsay evidence of a doctor's statements was clearly harmless.

II
However, we disagree with the determination by the Department that N.J.S.A. 40A:14-155 allows counsel fees in cases of this nature. The statute was derived from earlier enactments and now reads:
Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary *128 or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.
The municipality, perhaps improperly, used preprinted Civil Service forms inappropriately captioned "Preliminary Notice of Disciplinary Action" and "Final Notice of Disciplinary Action." Obviously, an inquiry into the physical condition of an employee concerning his ability to perform his duty is not a disciplinary action as commonly understood and does not make the employee a defendant in such an action or proceeding. A disciplinary[1] action is generally one in which a punishment or sanction is sought or intended. Cf. Higgins v. N.J. Bureau of Securities, 100 N.J. Super. 266, 274 (App. Div. 1968).
The inquiry does not arise out of his duties (whatever the outcome of the workers' compensation proceeding) nor is it incidental thereto, but is an inquiry as to whether or not he has the physical capacity or ability to continue to perform his duties. It relates to his physical ability to actually perform his job.
The Legislature, in adopting this most recent version of the statute requiring a municipality to provide a member of the police force with the necessary means for the defense of any action or legal proceeding arising out of the performance of his duty, intended to protect that officer when his actual conduct (as opposed to physical condition) in the performance of his duty is brought into question. See 3 McQuillin, Municipal Corporations (3 ed. 1973) § 12.137 at *129 575-577, where the author indicates reimbursement is appropriate where the officer was active "in discharge of his official duty." Cf. Edison Tp. v. Hyland, 156 N.J. Super. 137, 141 (App. Div. 1978). To read the statute in any other manner would constitute an unwarranted extension of the legislative act. See Golaine v. Cardinale, 142 N.J. Super. 385, 403 (Law Div. 1976). There is no intent evident to provide indemnification or reimbursement of expenses in connection with inquiries as to a police officer's physical or mental ability to continue in that position.
We note that a like result was reached in Highlands v. Davis, 124 N.J. Super. 217 (Law Div. 1973). The judge there concluded that the Legislature's intention in adopting the L. 1972, c. 165 (N.J.S.A. 40A:14-155) was to protect a police officer when his conduct in office was brought into question, and that there was no intention to reimburse expenses in a proceeding brought to test a police officer's appointment or promotion.
Nor does Elizabeth v. Fumero, 143 N.J. Super. 275 (Law Div. 1976), indicate any different result. There a claim that this section of the statute did not provide for defense of a punitive damage claim in a civil assault and battery case because of a contract exclusion was rejected.
The statute does not allow counsel fees or expenses under the circumstances of this case. Plaintiff is entitled to reinstatement and to recovery of his back salary, see N.J.S.A. 11:15-6,[2] subject to appropriate mitigation. Mason v. Civil Service Comm'n, 51 N.J. 115 (1968). So much of the determination of the Commission as attempts to allow counsel fees and expenses under N.J.S.A. 40A:14-155 is improper and is set aside. However, the litigation expenses may be allowed as a credit against amounts deducted by way of mitigation. Mason v. Civil Service Comm'n, supra; cf. Golaine *130 v. Cardinale, supra, 142 N.J. Super. at 402-403. As stated in Mason:
in determining the amount of credit to be allowed the municipality against each appellant by reason of his outside earnings, there may be deducted from such earnings the expenses he reasonably incurred in recovering his job and back pay. By such net credit the employee is not unjustly deprived of anything nor, on the other hand, unjustly enriched. [51 N.J. at 130]
The determination of the Civil Service Commission is affirmed in part, and reversed as to the award of counsel fees. The matter is remanded for a determination of the amount of earnings to be deducted from respondent's back pay and for consideration of expenses necessarily and reasonably incurred in obtaining reinstatement in his job and back pay. We do not retain jurisdiction.
NOTES
[1] See definition of "discipline" in Black's Law Dictionary (4 ed. 1951), at 550. And see generally, Sabia v. Elizabeth, 132 N.J. Super. 6, 11 (App. Div. 1975) (suspension of police officer after disciplinary hearing upheld for breaking into a shack and stealing a gallon of paint and two radios); and Appeal of Cohen, 56 N.J. Super. 502, 507 (App. Div. 1959), certif. den. 31 N.J. 297 (1960) (termination of police officer upheld for misconduct after disciplinary hearing for removing money from parking meters).
[2] This section is applicable to municipal Civil Service employees by virtue of N.J.S.A. 11:2A-1.