216 N.J. Super. 403 (1987)
523 A.2d 1099
BRENDAN L. CONNELL, APPELLANT,
v.
BOARD OF REVIEW AND CITY OF ATLANTIC CITY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1987.
Decided April 6, 1987.
*404 Before Judges BILDER, GAYNOR and SCALERA.
Laurence C. Connell argued the cause for appellant (D. William Subin, attorney; Laurence C. Connell, on the letter brief).
James P. Lidon, Deputy Attorney General, argued the cause for respondent Board of Review (W. Cary Edwards, Attorney General of New Jersey, attorney; Michael R. Clancy, Deputy Attorney General, of counsel; James P. Lidon, on the brief).
Scott N. Silver, Assistant City Solicitor, argued the cause for respondent City of Atlantic City (Matthew H. Powals, City Solicitor, attorney; Scott N. Silver, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
This is an appeal from a decision of the Board of Review which held that claimant was disqualified for unemployment benefits because of misconduct connected with his work.
Appellant worked as a police officer for Atlantic City. On June 25, 1985 he was involved as a driver in a two-car automobile accident which was fatal to the other driver. The accident took place in Beesleys Point, some 12 miles from Atlantic City, at a time when appellant was not fulfilling an active duty assignment. About three months later, on October 9, 1985, he was indicted for a third degree criminal offense, death by auto, N.J.S.A. 2C:11-5. The next day, October 10, 1985, he was charged with serious breach of discipline, N.J.A.C. 4:1-16.9(a)4, *405 and conduct unbecoming an employee in the public service, N.J.A.C. 4:1-16.9(a)11. He was suspended as of October 9, 1985 pending disposition of the criminal charges; the departmental hearing on the disciplinary action was postponed for the same period. On February 18, 1986 appellant pled guilty to the death by auto charge. On April 4, 1986 he was sentenced to a term of probation and ordered to forfeit his office as a police officer. Thereafter, by action dated April 16, 1986, the Atlantic City Police Department advised appellant he had been removed from office effective October 9, 1985.
On October 13, 1985, a few days after his suspension, appellant applied for unemployment benefits which were initially denied on the ground he was discharged for gross misconduct connected with work. Appellant appealed and on February 5, 1986 the Appeal Tribunal reversed, finding that no evidence had been produced to substantiate the charge that he had committed the pending death by auto charge. The tribunal did find, however, that because he was a police officer, the alleged misconduct was relevant although it occurred outside of Atlantic City.
As noted, defendant later pled guilty to the criminal charge. Atlantic City appealed on the basis of this new evidence. For good cause, the Appeal Tribunal reopened the matter and held a new hearing. In the light of the conviction the Appeal Tribunal found appellant had been discharged for gross misconduct connected with work, that he was disqualified for benefits as of April 14, 1986 and that he was not entitled to any benefit rights based on wages from Atlantic City prior to discharge. Accordingly, it held his October 13, 1985 claim invalid and that appellant was liable to refund any benefits received.
On appeal the Board of Review, after reviewing the matter on the record below reached the same conclusions except that it noted the disqualification related back to October 6, 1985. Accordingly, it modified the decision of the Appeal Tribunal as to the date of disqualification only.
*406 On appeal from the decision of the Board of Review, appellant contends that his misconduct was not connected with his work and that a gross misconduct disqualification can only occur upon discharge, an event which did not occur until April 16, 1986; that a suspension cannot trigger disqualification.
The applicable section of the law relating to unemployment benefits, N.J.S.A. 43:21-5(b), provides as follows:
An individual shall be disqualified for benefits:
....
For the week in which the individual has been suspended or discharged for misconduct connected with the work, and for the five weeks which immediately follow that week (in addition to the waiting period), as determined in each case. In the event the discharge should be rescinded by the employer voluntarily or as a result of mediation or arbitration, this subsection (b) shall not apply, provided however, an individual who is restored to employment with back pay shall return any benefits received under this chapter for any week of unemployment for which the individual is subsequently compensated by the employer.
If the discharge was for gross misconduct connected with the work because of the commission of an act punishable as a crime of the first, second, third or fourth degree under the "New Jersey Code of Criminal Justice," N.J.S. 2C:1-1 et seq., the individual shall be disqualified in accordance with the disqualification prescribed in subsection (a) of this section and no benefit rights shall accrue to any individual based upon wages from that employer for services rendered prior to the day upon which the individual was discharged.
The director shall insure that any appeal of a determination holding the individual disqualified for gross misconduct in connection with the work shall be expeditiously processed by the appeal tribunal.

I.
Because he was not actively working as a police officer at the time of the accident  because he was then on an off-duty status  claimant contends the misconduct was not connected with his work. The board rejected the argument because it found that as a police officer he was essentially on duty all the time.
Regarding the issue itself, we agree with the Appeal Tribunal that the claimant's conduct as a police officer extends beyond the immediate work place. We find the employer's testimony attesting to such as credible, and the claimant even conceded to being able to act as a police officer 24 hours per day. Moreover, in BR-44053-C, we held that "`connected with his work' means more than relation to the specific operation in which the worker is engaged at the *407 moment. It embraces all of the employment relationship which exists at the employer's premises during working hours and may include relationships which continue after working hours and off the employer's premises." We also addressed the particular position of a police officer in BR85-4522-D and concluded that "(s)ince a police officer's task is to enforce the law, his profession requires that he not only enforce the law as to others, but abide by it himself, both on duty and off duty." Therefore, because the claimant was guilty of a crime of the third degree, he was suspended and ultimately discharged for an act of gross misconduct connected with the work.
We agree with the board's conclusion that the regulations of the Atlantic City Police Department provide that its members "are always subject to duty although periodically relieved of its routine duties." Atlantic City Police Reg. 3:1-6. Its officers are required to be armed and carry identification at all times. By law they are empowered to make arrests for crimes committed in their presence anywhere in the State. N.J.S.A. 40A:14-152.1.
The notion that a police officer's work obligations extend beyond the narrowly defined work place and the ordinary period of duty is not novel. It finds legislative recognition in laws permitting suspension of municipal police officers if they are charged with a crime, even outside the State, N.J.S.A. 40A:14-149.1, and requiring forfeiture upon conviction, N.J.S.A. 2C:51-2a(1), and is well established in case law.
It is settled in this State that a police officer's misconduct need not have occurred while he was on duty. Suspension or even removal may be justified where such misconduct occurred while he was off-duty, as here. In re Cohen, [56 N.J. Super. 502, 507 (App.Div. 1959)]; Ward v. Keenan, 3 N.J. 298, 311 (1949); Herbert v. Atlantic City, 87 N.J.L. 98, 101 (Sup.Ct. 1915). Were the matter otherwise, the desired goal of upholding the morale and discipline of the force, as well as maintaining public respect for its officers, would be undermined. Nor need a finding of misconduct be predicated upon the violation of any particular rule or regulation, but may be based merely upon the violation of the implicit standard of good behavior which devolves upon one who stands in the public eye as an upholder of that which is morally and legally correct. Asbury Park v. Department of Civil Service, 17 N.J. 419, 429 (1955). [In re Emmons, 63 N.J. Super. 136, 140 (App.Div. 1960)]

II.
Appellant also contends that the disqualification cannot apply under the statute because he was not discharged until *408 April 16, 1986, long after the period of the controverted benefit entitlements. The argument is frivolous. As the board properly noted, claimant was pending discharge from October 9, 1985. When his conviction occurred, the discharge became effective as of that earlier date. The board noted that its interpretation of N.J.S.A. 43:21-5(b) to include suspension pending discharge was consistent with earlier action it had taken in another case. In any event, appellant's discharge for gross misconduct deprived him of any benefit rights based on wages earned from Atlantic City prior to the discharge so that no basis could exist for the claimed benefits.
In sum, we find the action of the board to be supported by substantial credible evidence in the record and in keeping with the applicable statutes and legislative policies. See Campbell v. Dept. of Civil Service, 39 N.J. 556, 562 (1963).
Affirmed.