NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3371-15T2

ELIZABETH BOARD OF EDUCATION,

 Plaintiff-Respondent,

v.

ELIZABETH EDUCATION
ASSOCIATION,

 Defendant-Appellant.
_______________________________

 Argued March 28, 2017 – Decided August 16, 2017

 Before Judges Reisner and Sumners.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Union County, Docket No.
 C-118-15.

 Gail Oxfeld Kanef argued the cause for
 appellant (Oxfeld Cohen, PC, attorneys: Ms.
 Kanef, of counsel and on the brief).

 Daniel J. McCarthy, argued the cause for
 respondent (Rogut McCarthy LLC, attorneys; Mr.
 McCarthy, on the brief).

PER CURIAM

 Defendant Elizabeth Education Association (the Association)

appeals from a Law Division order permanently restraining
arbitration, in response to an order to show cause by plaintiff

Elizabeth Board of Education (the Board). We affirm.

 The salient facts are not in dispute. During the 2012-13

school year, Charles Scheuermann was employed by the Board under

a one-year contract as a non-tenured, non-certified Network

Technician. On May 6, 2013, the Board's Superintendent of Schools

notified Scheuermann that his contract would not be renewed for

the 2013-14 school year based upon a reduction in force (RIF) due

to budgetary constraints. Four months later, the Association

filed a grievance on behalf of Scheuermann alleging that the Board

"violated Article IV, Section H, and any other pertinent articles

[of the parties collective bargaining agreement (CBA)], by

dismissing [] Scheuermann from his position in violation of the

RIF/Recall contract language." Although Scheuermann obtained

other employment sometime in February 2014, and his retained

private counsel sought to negotiate a financial settlement with

the Board for his non-renewal, the Association still pursued its

grievance through arbitration.

 After an arbitrator was selected, but before a hearing took

place, the Board filed an order to show cause and verified

complaint with Law Division to restrain arbitration. The trial

judge decided the matter on a summary basis, without an evidentiary

hearing, and issued an order and letter decision granting the

 2 A-3371-15T2
relief requested. She determined there was no provision of CBA

that gave the Association the right to challenge the non-renewal

of Scheuermann's contract through the grievance process. The

judge further determined that Article IV (H) of the CBA, which

authorizes the formation of a joint committee comprised of the

parties' representatives to establish layoff and recall

procedures, did not apply because the parties failed to respond

to her request to advise her on whether a committee was formed.

 Before us, the Association argues that Article IV (H) applies

regardless of whether a joint committee was established because

Scheuermann was laid off and the article provides that a layoff

dispute is subject to expedited arbitration. The Association also

contends that under Article III's definition of grievance, it can

have an arbitrator determine if Scheuermann's non-renewal violates

Board policy, the CBA, or an administrative decision. In addition,

the Association maintains that the judge essentially held that the

parties cannot negotiate binding job security for contract

employees, which is contrary to Articles III and IV (H).

 As this case was decided on a summary basis, our review of

the judge's decision is de novo, considering the factual record

in the light most favorable to the non-moving party and according

no special deference to the trial court's resolution of purely

legal questions. See Estate of Hanges v. Metro. Prop. & Cas. Ins.

 3 A-3371-15T2
Co., 202 N.J. 369, 383 (2010); Brill v. Guardian Life Ins. Co. of

Am., 142 N.J. 520, 540 (1995).

 Whether a labor dispute is arbitrable is a matter of

interpreting the parties' contract. Therefore, like the trial

judge, we must first determine what the parties agreed to

arbitrate. The question of substantive arbitrability — that is,

whether the contract involves something the parties agreed to

arbitrate — is for the court to decide.

 [I]f the question to be decided is "whether
 the particular grievance is within the scope
 of the arbitration clause specifying what the
 parties have agreed to arbitrate," then it is
 a matter of substantive arbitrability for a
 court to decide. On the other hand, if the
 question is simply one relating to "whether a
 party has met the procedural conditions for
 arbitration," it is a matter of procedural
 arbitrability which has traditionally been
 "left to the arbitrator."

 [Pascack Valley Reg. H.S. Bd. of Educ. v.
 Pascack Valley Reg. Support Staff Ass'n, 192
 N.J. 489, 496-97 (2007) (internal citations
 omitted).]

 However, the court generally should not construe the

provision of the contract on which the party claiming arbitration

is relying, so long as, "on its face," it concerns the issue which

is the subject of the grievance. Likewise, the court does not

consider the underlying merits of an otherwise arbitrable

 4 A-3371-15T2
grievance. See Clifton Bd. of Educ. v. Clifton Teachers Ass'n,

154 N.J. Super. 500, 503-04 (App. Div. 1977).

 We first address the Association's argument that it can file

a grievance regarding Scheuermann's non-renewal pursuant to

Article III. An arbitrable grievance is defined in Article III

as follows:

 A "grievance" shall mean a complaint by an
 employee(s) or by the Association that there
 has been an inequitable, improper or unjust
 application, interpretation or violation of
 Board policy, this Agreement, or an
 administrative decision, except that the term
 "grievance" shall not apply to:

 Any matter for which a specific method of
 review is prescribed and expressly set forth
 by law or any rule or regulation of the State
 Commissioner of Education; or

 A complaint of a non-tenured teacher which
 arises by reason of his/her not being
 reemployed; or

 A complaint by any certified personnel
 occasioned by appointment to or lack of
 appointment to, retention in or lack of
 retention in any position for which tenure
 either is not possible or not required.

In accordance with N.J.S.A. 34:13A-5.3, we must construe this

clause broadly, in favor of arbitration:

 In interpreting the meaning and extent of a
 provision of a collective negotiation
 agreement providing for grievance
 arbitration, a court or agency shall be bound
 by a presumption in favor of arbitration.

 5 A-3371-15T2
 Doubts as to the scope of an arbitration
 clause shall be resolved in favor of requiring
 arbitration.

 We conclude that, even giving a broad definition of a

grievance in Article III, the clear language of the article does

not afford the Association the right to grieve Scheuermann's non-

renewal. The article's exclusionary language bars a grievance

where there is a manner of review set forth in law, such as here.

As a non-tenured school employee whose contract is not renewed,

N.J.S.A. 18A:27-4.1 (b) provides Scheuermann a very limited right

to appeal the non-renewal:

 A nontenured officer or employee who is not
 recommended for renewal by the chief school
 administrator shall be deemed nonrenewed.
 Prior to notifying the officer or employee of
 the nonrenewal, the chief school administrator
 shall notify the board of the recommendation
 not to renew the officer's or employee's
 contract and the reasons for the
 recommendation. An officer or employee whose
 employment contract is not renewed shall have
 the right to a written statement of reasons
 for nonrenewal pursuant to section 2 of
 P.L.1975, c.132 (C.18A:27-3.2) and to an
 informal appearance before the board. The
 purpose of the appearance shall be to permit
 the staff member to convince the members of
 the board to offer reemployment.

Accordingly, any alleged violation of this statute would be subject

to the Commissioner of Education's jurisdiction under Title 18A,

and would not fall within the authority of the CBA.

 6 A-3371-15T2
 While we agree with the Association that the formation of a

joint committee does not dictate application of Article IV (H),

there is no merit to the Association's contention that the article

authorizes the arbitration of Scheuermann's dispute over his non-

renewal. Article IV (H) provides:

 Layoff and Recall: the parties agree to
 establish a joint committee composed of equal
 representatives . . . . The committee shall
 review and establish a procedure of layoff and
 recall of bargaining unit members not covered
 by a statutory schedule for layoff and recall
 in the teachers', custodians' and cafeteria
 contracts. The parties agree that seniority
 shall be the method utilized for such new
 provision, that an employee shall enjoy a
 maximum of five (5) years on a recall list,
 that if any individual is recalled to
 employment at the Board and declines an offer
 of reemployment, said individual shall be
 removed from a recall list, that a dispute on
 the application of the layoff/recall
 provisions shall be subject to expedited
 arbitration before a mutually selected
 arbitrator, and the arbitrator shall not have
 the authority to award back pay but shall be
 limited in authority to ordering a different
 employee be recalled or placed on layoff.

Article IV (H) does not apply to the present situation because

Scheuermann was not laid-off. As our Supreme Court has stated,

"the term 'layoff,' . . . connotes involuntary dismissal during

the term of a contract, and is not applicable to the nonrenewal

of a particular employee's appointment at the end of a fixed term."

Camden Bd. of Educ. v. Alexander, 181 N.J. 187, 200 (2004).

 7 A-3371-15T2
Scheuermann worked through the end of his 2012-2013 contract. As

a non-tenured staff member, he had no right to re-employment for

the next school year. Thus, non-renewal of his contract due to

budgetary constraints did not constitute a layoff under the

provisions of the CBA.

 Affirmed.

 8 A-3371-15T2