**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4010-16T4

JAY MASSMINO,

        Appellant,

v.

STATE OF NEW JERSEY, OFFICE
OF THE ATTORNEY GENERAL,

        Respondent.

_____

Argued August 14, 2018 — Decided August 24, 2018

Before Judges Messano and Geiger.

On appeal from the Office of the Attorney General, Department of Law and Public Safety.

Steven H. Merman, Assistant County Counsel, argued the cause for appellant (Robert E. Barry, Union County Counsel, attorney; Steven H. Merman, on the briefs).

Daniel M. Vannella, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Benjamin H. Zieman, Deputy Attorney General, on the brief).

PER CURIAM

At all relevant times, Detective Jay Massmino was a Berkley Heights Police Detective assigned to the Union County Prosecutor's Office (UCPO) Guns, Gangs, Drugs and Violent Crimes Task Force. Along with members of the UCPO, Massmino executed a search warrant at an apartment in Plainfield. Occupants of the apartment subsequently filed a lawsuit against Massmino and the other officers alleging the use of excessive force, false arrest and other causes of action. Union County (the County) requested that the Office of the Attorney General (OAG) provide a defense and indemnification to the officers. See N.J.S.A. 59:10A-1 ("[T]he Attorney General shall, upon a request of an employee or former employee of the State, provide for the defense of any action brought against such State employee or former State employee on account of an act or omission in the scope of his employment."); Wright v. State, 169 N.J. 422, 456 (2001) (holding State may be required to defend and indemnify county prosecutors and subordinates for tortious conduct involving "investigation, arrest, and prosecution"). Relying on Wright and Township of Edison v. Hyland, 156 N.J. Super. 137 (App. Div. 1978), the OAG

agreed to provide a defense to all but Massmino. The County now appeals.[1]

Our standard of review from a final agency decision is deferential, and we will not reverse the determination "unless it is arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting Prado v. State, 186 N.J. 413, 427 (2006)). However, our review of an agency's legal interpretations is de novo. Id. at 172.

Employees of the county prosecutor are in a hybrid employment status and may be deemed state employees for defense and indemnification purposes when performing certain functions, including the "investigation, arrest and prosecution" of individuals. Lavezzi, 219 N.J. at 174-76 (quoting Wright, 169 N.J. at 453). No decision has extended the State's obligation to defend and indemnify prosecutorial employees to municipal "on loan" officers.

Our decision in Hyland is dispositive of this appeal. There, we considered whether the county or the municipality was responsible for the defense and indemnification of municipal

---

[1] At argument before us, the County acknowledged that pursuant to resolutions adopted years ago, it agreed to provide a defense and indemnification to municipal police officers assigned to various task forces operated and supervised by UCPO.

officers assigned to the county prosecutor's task force. Hyland, 156 N.J. Super. at 139-40. We concluded "municipal employees hired and paid by the municipalities and assigned to the prosecutor for the performance of a special investigative function cannot be considered state employees within the ambit of N.J.S.A. 59:10A-1." Id. at 141. Therefore, the municipality, not the county, was responsible for defending actions against municipal police officers "arising out of or incidental to the performance of [their] duties." Ibid. (quoting N.J.S.A. 40A:14-155).

Although decided prior to Wright, Hyland remains good law. See Lavezzi, 219 N.J. at 175 (citing Hyland); Wright, 169 N.J. at 446 (citing Hyland). More importantly, as the Court made clear in Wright, a case in which both employees of the county prosecutor and municipal police officers were named as defendants, 169 N.J. at 430-31, "the Legislature intended a sharp distinction between State employees[,]" including "unique . . . county prosecutorial employees," entitled to the State's mandatory obligation to defend and indemnify pursuant to N.J.S.A. 59:10A-1, and "employees of other public entities that may be indemnified by such entities" in their discretion. Id. at 455-56.

We are aware that the Court has granted certification in Kaminskas v. State, 231 N.J. 557 (2017), a case in which the OAG denied a defense and indemnification to a county police officer

performing a polygraph examination for the county prosecutor. Kaminskas v. State, No. A-3528-14 (App. Div. Sept. 6, 2017) (slip op. at 2-3). However, unless and until the Court provides further guidance, we are bound by existing precedent and the persuasive authority of our decision in Hyland.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4010-16T4