IN THE MATTER OF THE HEARING ON AN ORDER TO
SHOW CAUSE WHY THE PRIVATE DETECTIVE LI-
CENSE, No. 671, ISSUED TO NICHOLAS P. BERARDI
SHOULD NOT BE REVOKED FOR CAUSE.

NICHOLAS P. BERARDI, APPELLANT, v. JOSEPH D.
RUTTER, RESPONDENT.

Argued January 14, 1957—Decided March 4, 1957.

486

*Mr. George Pellettieri* argued the cause for the appellant (*Pellettieri & Rabstein,* attorneys).

*Mr. Christian Bollermann,* Deputy Attorney-General argued the cause for the respondent (*Mr. Grover C. Richman, Jr.,* Attorney-General, attorney).

The opinion of the court was delivered by

OLIPHANT, J.   This is an appeal from a judgment of the Superior Court, Appellate Division, which affirmed an order of the Superintendent of the State Police revoking the license of the appellant, as a private detective, pursuant to the authority of *N. J. S. A.* 45:19–12. This appeal is taken under *R. R.* 1:2–1(a) ; *Art.* VI, *Sec.* V, *par.* 1(a), *Constitution of* 1947.

A private detective license was issued to the appellant in January 1953, pursuant to *N. J. S. A.* 45:19–8 *et seq.* (*L.* 1939, *c.* 369, as amended and supplemented).   In 1955

an information was returned to the United States District Court for the District of New Jersey charging the appellant with violation of *Title* 26 *U. S. C. A.* 3616(*a*), which statute makes it a misdemeanor to deliver "* * * to the collector * * * any false or fraudulent * * * return * * * with intent to * * * evade the * * * assessment intended to be made * * *."

The information specifically charged the appellant "claimed exemption for his mother, Elizabeth, and his son, Robert, as dependents, when in fact, as he then and there well knew, he was not legally entitled to claim said people as dependents." The appellant pleaded *nolo contendere* to this information and a judgment of conviction was entered on the plea. The imposition of the sentence was suspended; he was fined $500 and placed on probation for five years.

*N. J. S. A.* 45:19–12, *inter alia,* provides "the license so granted by the superintendent shall be valid for a period of five years but shall be revocable by the superintendent after hearing for cause." The Superintendent of the State Police instituted a proceeding to revoke the appellant's license by issuing an order to show cause why the appellant's license "should not be revoked for cause." This was served together with the "Charges" which contained the single specification that he pleaded *nolo contendere* to the information charging he delivered a false return to the Collector of Internal Revenue and that upon the plea of *nolo contendere* the aforesaid sentence was imposed.

Counsel for the appellant stipulated at the hearing that "the sole question here was whether or not this plea and conviction and sentence is sufficient cause under the statutes warranting the superintendent to take whatever disciplinary action in his discretion he might deem necessary under the circumstances," and the defendant and his counsel further stipulated "that it would not be necessary to produce any witnesses except the defendant."

On the hearing the formal proofs of the plea and conviction and sentence were offered together with a transcript of the proceedings before the Federal District Court judge on the

reception of the plea. The defendant took the stand and testified as to the reasons that motivated him in entering the plea and his version of his tax difficulty that resulted in the information being returned.

The Superintendent made the following findings of fact:

"It is my opinion that a person with the aforesaid authority and who has been convicted of a misdemeanor in the United States District Court for the District of New Jersey and was sentenced to pay a fine of $500.00 and was placed on probation for a period of five years is not a fit person to engage in the activities of a private detective within the State of New Jersey.

I further find as a fact that the aforesaid conviction and sentence is sufficient cause for the revocation of the Private Detective License #671 heretofor issued to Nicholas P. Berardi."

Under *R. R.* 4:88–8 an appeal was taken to the Appellate Division and the revocation of the license was affirmed. In that court the appellant attacked the constitutionality of the statute on the ground that it amounted to an unlawful delegation of power with respect to the power to revoke the license. In construing the phrase "for cause" for which revocation may be had, the court held that it related to the same standards established for the issuance of the license of a private detective, *viz.* good character, competency and integrity of the applicant. And it further held that the standards or qualifications set forth in *N. J. S. A.* 45:19–16 relating to employees of a licensee could be considered additional specifications or qualifications for the determination of the good character, competency and integrity of the licensee. It concluded that the Legislature presumably prescribed the same standards, both for the detective and for his employees, and therefore it presumably contemplated that a conviction (even though based on a plea of *nolo contendere*) would also suffice as a disqualification of the licensee himself, citing *Kravis v. Hock,* 136 *N. J. L.* 161 (*E. & A.* 1947).

The appellant argues here that nowhere in the statute is "cause" for revocation defined with any particularity and nowhere does the statute fix or establish any proper standards for the determination of what such "cause" is or may be.

■ We are in accord with the Appellate Division, that in ascertaining the presence of standards and norms to support delegated powers, it is fundamental we are not confined to the four corners of the particular section, but are obligated to examine the entire act in the light of its surroundings and objectives, nor need the standards be set forth in express terms if they may be reasonably inferred from the statutory scheme as a whole. *Ward v. Scott,* 11 *N. J.* 117 (1952); *Schierstead v. City of Brigantine,* 20 *N. J.* 164 (1955).

■ We are likewise in accord with the view of the Appellate Division that the same standards that control the granting of the application for the license apply with equal force in a proceeding for the revocation of the license "for cause."

Under this statute every individual or individual member of a firm, association or corporation applying for a license must be vouched for by the written approval of five reputable citizens, property owners of the county where it is proposed to conduct the business. The application must contain not only the facts as to the identity of the applicant but also "such other facts as may be required by the superintendent as will tend to show the *character, competency and integrity* of *each* person or individual signing *such application.*" (Italics supplied) Any person who states any fact falsely is guilty of a misdemeanor. *N. J. S. A.* 45:19–11.

The Superintendent, when satisfied from the examination of any application and such further inquiry and investigation as he shall deem proper as to the *good character, competency and integrity of the applicant and the persons named in the application,* shall issue and deliver to the applicant a license. *N. J. S. A.* 45:19–12. This section further requires that no license shall be issued for a person who has not at least "five years' experience as an investigator or as a police officer with an organized police department of the state or a county or municipality thereof, or with an investigative agency of the United States of America or any State, county or municipality thereof."

492

■■ The statute does definitely establish certain violations of its specific provisions as "sufficient cause for the revocation of such license"; notification of change of address, *N. J. S. A.* 45:19–12; a false statement that a person has or has not been in the licensee's employ, *N. J. S. A.* 45:19–15 and 16; failure to discontinue misleading advertising, *N. J. S. A.* 45:19–20. It is implicit that the making of false statements in the application itself, since it is a misdemeanor under the statute, is likewise sufficient cause for revocation, *N. J. S. A.* 45:19–11. *N. J. S. A.* 45:19–16 contains the specific regulation relating to the qualifications of the employee of the licensee and it prohibits the employment by the licensee of any person "who has been convicted of a high misdemeanor" or any of the misdemeanors listed in that section. It likewise prohibits the employment of any person until he has furnished and executed a verified statement to such license holder setting forth among other things "(d) that he has not been convicted of a high misdemeanor or of any offense involving moral turpitude or of any of the misdemeanors or offenses described in this section." Here again it is perfectly patent that any knowing violation of the prohibitions of this section may be of and by itself a sufficient cause for the revocation of the license.

■ These specific grounds for the revocation of the license are necessary for the enforcement of its provisions and the regulations thereunder. This is particularly so since there is no requirement in the statute requiring the licensing of employees. The responsibility for the employment of persons of proper character, competency and integrity is that of the licensee. This responsibility is enforceable through these specific provisions for revocation. As such they fit into the general purpose and concept of the statute that only persons of good character, competency or integrity should be permitted to be engaged or licensed as private detectives or agencies.

■ The phrase "for cause" therefore gathers its full meaning from this overall objective of the law and it means such cause as would render the person unfit to engage in

the business or profession in the light of the potential evil and mischief which the Legislature sought to regulate and eradicate.

Under this statute the standard is the testing of the known facts against the ordinary and generally accepted meaning of the words "good character, competency, and integrity." The Superintendent has the right to deny a license to an applicant who may never have committed an act denominated a crime or an offense by the laws of this State or the United States. If the investigation of the application for the license and other related facts shows that the applicant's private life or his record as an investigator or police officer has not been such that the Superintendent could, in the exercise of his judgment, conclude that the applicant had "good character, competency, and integrity" required by the statute, then the license necessarily should be denied.

█ Since we have concluded the same test should apply on the hearing for revocation, the basic test again is whether the facts established at the hearing show a lack of "good character, competency, and integrity" or whether in the judgment of the Superintendent the facts and circumstances are such that the required good character, competency and integrity has been impaired to such an extent that the holding of the license by the particular individual would create the possibility of the very mischief and danger the statute aimed to prevent.

█ If it had been the legislative purpose they could have said so in unmistakable language that the basic test for the proof of bad character or integrity or lack of competency would be established by proof of a conviction of a high misdemeanor or a misdemeanor or any crime or offense involving moral turpitude. The Legislature may make a violation of the law a test of bad character and when it does so it is conclusive evidence as to the bad character of the individual, and this is so whether the conviction results from the verdict of a jury or is entered on a plea of *nolo contendere.* *Kravis v. Hock, supra; Hawker v. State,* 170 *U. S.* 189, 18 *S. Ct.* 573, 42 *L. Ed.* 1002 (1898).

There is no such provision in this statute but that is not to say that a conviction based on a plea of *nolo contendere* is not evidential on the question of good character, competency or integrity. There is no sound reason why the proof of the entry of the plea of *nolo contendere* to an information charging fraud should not be persuasive evidence as to the lack of character, competency or integrity, and that it should have the same weight and effect as it has when such proof is offered in a trial to attack the credibility of a witness or a party. *State v. Henson*, 66 *N. J. L.* 601 (*E. & A.* 1901); *Hill v. Maxwell*, 77 *N. J. L.* 766 (*E. & A.* 1909); *State v. Duelks*, 97 *N. J. L.* 43 (*Sup. Ct.* 1922).

Good people as a rule do not commit crimes or violations of the law, and it is equally true that credibility is everywhere recognized as an essential of good character and integrity. There are few fields of endeavor in which credibility is so essential a part of the work undertaken as that of a private detective.

While it is true that the plea of *nolo contendere* is not binding in a collateral civil proceeding *for the same wrong* and the defendant is not estopped in the same proceeding to deny his guilt, *Kravis v. Hock, supra; State v. Pometti*, 12 *N. J.* 446, 452 (1953), nevertheless proof of such a plea is receivable in evidence in a proceeding under a statute enacted under the police power where the test or standard is the good character, competency or the integrity of the applicant or licensee. The weight to be given to it rests in the judgment of the administrative officer charged with the duty of enforcing the statute. This is particularly true in this instance where the Superintendent of State Police is the administrative officer charged with the duty of making the judgment. The holder of such office, we must judicially notice, has the competency and experience eminently fitted to make such judgment in light of the mischief which the statute aims to cure. There must be compelling showing that the State Superintendent of Police acted arbitrarily or capriciously before this court should interfere with his judgment in such matters.

The defendant and his counsel specifically stipulated that the sole question was whether or not the plea of *nolo contendere* was sufficient cause warranting the Superintendent to take disciplinary action in his discretion, and they waived the production of further witnesses by stipulating that only the defendant would be produced. In brief, they left the determination of fact and law to the good judgment of the Superintendent and he very definitely found that a person who had been convicted, as this defendant was, on a plea of *nolo contendere* "is not a fit person to engage in the activities of a private detective within the State of New Jersey." We see no reason to disturb this finding. As we have made clear, the constitutional objections and the limited meaning the appellant seeks to place upon the statute are without legal foundation.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and WEINTRAUB—6.

*For reversal*—Justice WACHENFELD—1.