UNITED STATES of America, ex rel.
Milton J. CONKLIN, Jr. N.J.S.P.
#56137, Petitioner,

v.

Howard L. BEYER, etc., et al.,
Respondents.

Civ. No. 87–4347 (AET).

United States District Court,
D. New Jersey.

Feb. 19, 1988.

Milton J. Conklin Jr., Trenton, N.J., for petitioner.

Stuart J. Lieberman, Deputy Atty. Gen., Trenton, N.J., for respondents.

## ON PETITION FOR WRIT OF HABEAS CORPUS

ANNE E. THOMPSON, District Judge.

This matter comes before the court on petition filed by Milton J. Conklin, Jr. seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241(c)(3) and 2254. Having properly exhausted his remedies within the state courts, petitioner is properly within the jurisdiction of this court.

Petitioner is presently incarcerated at Trenton State Prison. On August 11, 1981, petitioner was convicted of armed robbery and sentenced to 15 years with parole ineligibility for seven years. On October 16, 1981 petitioner was convicted of a second armed robbery charge and sentenced to 15 years with parole ineligibility for seven years to run consecutively to the first sentence. While in prison petitioner was charged and found guilty in 1982 of stabbing another inmate at the prison. Petitioner received time in lockup and a loss of commutation time of 365 days as a result of a disciplinary hearing. On May 17, 1983, a parole board hearing officer imposed a one-month extension on petitioner's parole ineligibility due to the commission of the 1982 infraction. In October 1984 petitioner was found guilty of other disciplinary charges: possession of a weapon, and threatening. Disciplinary sanctions for the infractions included loss of 180 days commutation credits for each charge. On January 7, 1985, the parole board extended petitioner's parole ineligibility for six months as a result of the 1984 infractions.

Petitioner sought administrative appeal of the parole board's decision on April 1, 1985 and that appeal was denied on May 17, 1985. Petitioner then appealed to the New Jersey Superior Court, Appellate Division. The Appellate Division affirmed the decision of the parole board on December 31, 1985, concluding that "[petitioner's] contentions are clearly without merit and [we] affirm." (Ra.5). Petitioner submitted a motion to the New Jersey Supreme Court for leave to file a notice of appeal *nunc pro tunc.* The Supreme Court granted the motion provided petitioner establish that he has an appeal of right within the meaning of the requirements of R. 2:2–1(a). Petitioner failed to accomplish this and the Supreme Court dismissed petitioner's appeal.

In his habeas petition, petitioner claims several constitutional violations. We quote these claims verbatim from his petition:

"*N.J.S.A.* 30:4–123.48(d) cannot empower the New Jersey State Parole Board to increase the type of punishment imposed as a judicial act by the promulgation of agency regulations because such action intrudes upon an act which is a purely judicial function pursuant to *U.S. Const., Art.* I, *Sect.* 8, *para.* 18; *Art.* II *Sect.* 1; and *N.J.Const.* (1947), *Art.* III, *para.* 1.

"*N.J.A.C.* 10A:71–3.4 is unconstitutional as violative of the due process rights of the petitioner in contravention of the Fourteenth Amendment since it attempts to accomplish by circumvention, an act which is illegal (increase in the type or quantum of punishment relative to a criminal conviction, imposed as a judicial act) and cannot be accomplished by legislatively enacted statute.

"The increase in a parole ineligibility term after the imposition of punishment at a prison disciplinary hearing involving loss of commutation time, for the same prohibited prison act is violative [sic] of the Fifth Amendment prohibition against double jeopardy by imposing two separate administrative penalties.

"The action of the New Jersey State Parole Board increasing the ineligibility period for parole release established at the

time of sentencing is violative of *U.S. Const., Art.* I, *Sect.* 10, as a bill of attainder which imposes a punishment absent a judicial trial."

Petitioner raised the same four claims in state court when he appealed the parole board's actions. The Superior Court of New Jersey, Appellate Division, found these claims to be "without merit," and the New Jersey Supreme Court found that petitioner "[failed] to state a substantial constitutional issue." Both courts affirmed the parole board's decision to increase petitioner's parole ineligibility date.

■ Considering petitioner's claims *de novo*, we find them to be without merit. Petitioner claims that N.J.S.A. 30:4–123.-48(d) unconstitutionally empowers the New Jersey State Parole Board to impose a criminal penalty, the extension of an inmate's parole ineligibility date, which may only be imposed in a judicial proceeding. Petitioner argues that this is a violation of the principle of separation of powers. To begin with, a prison disciplinary hearing is not a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974–75, 41 L.Ed.2d 935 (1974); *Avant v. Clifford*, 67 N.J. 496, 522, 341 A.2d 629 (1975). The parole board is not imposing a criminal penalty as a result of a disciplinary hearing. Instead, the parole board is merely doing what it is authorized to do by the New Jersey Legislature when it extends an inmate's parole ineligibility. N.J.S.A. 30:4–123.52(a). The legislature has clearly granted the parole board this authority "if the appropriate board panel determines that an adult inmate has seriously or persistently violated specifically defined institutional rules." N.J.S.A. 30:4–123.52(a). Furthermore, the legislature gives the parole board the discretion to develop a schedule to apply when increasing an inmate's parole ineligibility. In this state, N.J.A.C. 10A:71–3.4 is the schedule the parole board applies to determine the length of the extension. The New Jersey Supreme Court has held that "there can be 'no unconstitutional delegation of legislative authority as long as the administrative discretion is hemmed in by standards sufficiently definitive to guide its exercise,' such standards not necessarily being stated 'in express terms if they may be reasonably inferred from the statutory scheme as a whole. *In re Berardi*, 23 N.J. 485, 129 A.2d 705 (1957).' " *Avant v. Clifford*, 67 N.J. at 553, 341 A.2d 629. Here, the legislature has explicitly set forth the standards for when a parole board may increase a parole ineligibility date (e.g. when the inmate has "seriously or persistently violated specifically defined institutional rules"). Therefore, since the parole board is authorized by the legislature to impose extensions of parole ineligibility, and since the sanctions are not criminal penalties arising out of a criminal proceeding, the authority of the parole board is not unconstitutional.

■ Since we have just determined that the parole board acts legally when it imposes an extension of parole ineligibility, petitioner's claim that N.J.A.C. 10A:71–3.4 violates due process is without merit also. An extension of parole ineligibility is not an increase in punishment relative to a criminal conviction. The schedule set forth in N.J.A.C. 10A:71–3.4 aids the parole board in accomplishing an act that is properly authorized by the legislature. Since petitioner's disciplinary proceedings were not criminal prosecutions, "the full panoply of rights due a defendant in such a proceeding does not apply." The due process standards set forth in N.J.A.C. 10A:71–3.4 clearly meet the standards established in *Wolff* and *Avant* for proceedings in a prison setting.

■ The petitioner also claims that he has been exposed to double jeopardy. It is well settled that the scope of the Double Jeopardy Clause is limited to criminal prosecutions. *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Therefore, petitioner's claim that the imposition of punishment at a prison disciplinary hearing and extension of parole ineligibility by the parole board constitute two separate administrative penalties for the same infraction has no merit.

■ Petitioner's last claim is that the action of the parole board increasing the parole ineligibility period violates the Con-

stitution as a bill of attainder which imposes a punishment absent a judicial trial. The parole board does not find petitioner guilty again in its proceedings. Instead, the board gives *res judicata* effect to the findings at the disciplinary proceedings. It is important to note that guilt must first be established at the disciplinary proceedings for the parole board to take any action in extending an inmate's parole ineligibility. We find that the claim that the parole board's actions constitute a bill of attainder is without merit.

For the above reasons, we concur with the findings of the state courts and dismiss the claims raised in this petition as being without merit.

ORDERED that the petition of Milton J. Conklin, Jr. for writ of habeas corpus filed in this court on October 28, 1987 be and hereby is dismissed without an evidentiary hearing, and this Court certifies there is no probable cause for appeal from this Order. No costs.