**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 23 2014, 10:16 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TIMOTHY ROBERTSON**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY ROBERTSON, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  27A02-1307-PC-646 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Jeffrey D. Todd, Judge
Cause No. 27D01-0803-FB-22

April 23, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-petitioner Timothy Robertson appeals the denial of his petition for post-conviction relief. Robertson makes several arguments in his appeal, arguing that he received ineffective assistance of counsel when trial counsel did not request a Franks hearing,[1] depose or call Sergeant Warland Artis, request a mistrial, or request an expert to refute the State's identification claims based on the surveillance video. Robertson also alleges that he received ineffective assistance of counsel because trial counsel advised him to enter a guilty plea regarding his habitual offender charge and failed to raise a double jeopardy objection based on his sentence enhancement and the habitual offender enhancement. Robertson also claims that he received ineffective assistance of counsel when his appellate counsel failed to raise the sufficiency of the evidence underlying the habitual offender finding.

Additionally, Robertson contends that the post-conviction court showed bias when it ruled in the State's favor on his post-conviction relief petition even though the State filed no findings of fact or conclusions of law. Robertson further argues that the post-conviction court failed to address all the issues Robertson raised at his post-conviction hearing. We conclude that Robertson was not denied effective assistance of trial or appellate counsel and affirm the denial of his petition for post-conviction relief.

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

FACTS

On March 3, 2008, Robertson was charged with armed robbery as a class B felony,[2] battery as a class B misdemeanor,[3] and as an habitual offender.[4] Robertson's three-day jury trial began on June 28, 2010. The jury found Robertson guilty as charged, and Robertson admitted to being an habitual offender. On July 28, 2010, the trial court sentenced Robertson to twenty years on the robbery conviction enhanced by thirty years on the habitual offender finding to be served concurrent to 180 days on the battery conviction. Robertson appealed to this court, arguing that the trial court erred in admitting testimony, by a police officer and a probation officer, that Robertson was the robber in a surveillance video.

On March 31, 2011, in an unpublished decision, we affirmed Robertson's convictions. Robertson v. State, No. 27A02-1008-CR-929, memo op. (Ind. Ct. App. March 31, 2011). On January 26, 2012, Robertson filed a pro se petition for post-relief conviction. On April 20, 2012, a deputy public defender filed an appearance on Robertson's behalf, but on August 3, 2012, the public defender withdrew her appearance under Post-Conviction Rule 1(9)(c).[5] On March 11, 2013, Robertson filed another amended pro se petition for post-conviction relief.

---

[2] Ind. Code § 35-42-5-1

[3] I.C. § 35-42-2-1

[4] Ind. Code § 35-50-2-8

[5] Post-Conviction Rule 1(9)(c) states,

In his amended petition for post-conviction relief, Robertson raised three issues:[6] 1) Whether Robertson's trial counsel, Bruce Elliott, was ineffective for failing to request a Franks hearing; 2) whether trial counsel was ineffective for failing to call Sergeant Artis and Anthony Newell, witnesses Robertson believed would state he was not the person in the surveillance video, as witnesses in his defense; and 3) whether David Payne, appellate counsel, failed to provide effective assistance of counsel when he did not raise a sufficiency of the evidence argument regarding the evidence underlying the habitual offender charge.

On April 25, 2013, the trial court held an evidentiary hearing. At the hearing, Elliott testified that his decisions relating to representation were strategic and were discussed with Robertson. He did not request a Franks hearing because he believed there were no grounds to make the request. Additionally, Elliott testified that he did not call Sergeant Artis or Newell to testify because, contrary to Robertson's belief that they would provide exculpatory evidence concerning the surveillance video, neither witness

---

[c]ounsel shall confer with petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition. In the event that counsel determines the proceeding is not meritorious or in the interests of justice, before or after an evidentiary hearing is held, counsel shall file with the court counsel's withdrawal of appearance, accompanied by counsel's certification that 1) the petitioner has been consulted regarding grounds for relief in his pro se petition and any other possible grounds and 2) appropriate investigation, including but not limited to review of the guilty plea or trial and sentencing records, has been conducted. Petitioner shall be provided personally with an explanation of the reasons for withdrawal. Petitioner retains the right to proceed pro se, in forma pauperis if indigent, after counsel withdraws."

[6] Robertson failed to include his petition for post-conviction relief and the amended petition for post-conviction relief. We have gleaned these issues from the findings of fact and conclusions of law issued by the post-conviction court.

would offer testimony favorable to Robertson. Robertson also called Lieutenant Faw and Sergeant Artis to testify at the evidentiary hearing. They did not present any evidence favorable to Robertson on any of the three issues raised.

Finally, Elliott testified that he did advise Robertson that it would be futile to contest the habitual offender enhancement because the State was able to meet its burden of proof and denied Robertson's allegation that he had told Robertson that pleading guilty to the charge would cause the trial judge to act leniently.

On May 17, 2013, Robertson filed his proposed findings of fact and conclusions of law. On July 5, 2013, the post-conviction court denied Robertson's request for post-conviction relief, and on July 8, 2013, the post-conviction court filed an amended findings of fact and conclusions of law regarding Robertson's petition. The post-conviction court found that neither Elliott nor Payne provided ineffective assistance of counsel as argued by Robertson.

Robertson now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review—Post Conviction Relief, Generally

A post-conviction relief proceeding does not afford a petitioner a super-appeal. Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by

a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6), we cannot affirm the judgment on any legal basis, but rather, must determine if the court's findings are sufficient to support its judgment. Graham v. State, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011). We will not reweigh the evidence or judge the credibility of witnesses, and will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. Id.

## II. Robertson's Claims

### A. Ineffective Assistance of Counsel – Trial Counsel

Robertson claims that trial counsel failed to provide effective assistance of counsel. Our Supreme Court has instructed:

> A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

6

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The Strickland Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. The two prongs of the Strickland test are separate and independent inquiries. Thus, [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.

Timberlake v. State, 753 N.E.2d at 603.

Robertson raises six separate claims of ineffective assistance of trial counsel, each of which we will address in turn.

First, Robertson argues that his trial counsel was ineffective for failing to request a hearing under Franks v. Delaware, 438 U.S. 154 (1978). Franks held that:

where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. at 155-156. At the post-conviction relief hearing, Robertson argued that Lieutenant Faw intentionally omitted details from his testimony at the probable cause hearing. PCR Tr. p. 81. The post-conviction court found that, while Robertson did establish that Lieutenant Faw was the only officer to testify at the probable cause hearing,

7

he "elicited no testimony from Faw that remotely suggested a <u>Franks</u> hearing was warranted," and that "Robertson provided no other evidence to support his claim that Elliottt erred by not requesting a <u>Franks</u> hearing." Appellant's App. p. 9.

All the evidence at the post-conviction relief hearing establishes that Elliott did not have cause to request a <u>Franks</u> hearing. Elliott testified that he did not request a <u>Franks</u> hearing because he did not believe he had "sufficient information or evidence to support such a hearing." PCR Tr. p. 34. Additionally, Lieutenant Faw testified that he never intentionally provided false information at the probable cause hearing, that he did not intentionally leave out relevant information, and that he provided all the information he believed to be relevant to the case. <u>Id.</u> at 82.

Robertson failed to make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by Lieutenant Faw as the rule in <u>Franks</u> requires. Thus, Elliott had no cause to request a <u>Franks</u> hearing, and Robertson has failed to show that Elliot was ineffective on this basis.

Next, Robertson alleges that Elliott provided ineffective assistance of counsel when he did not call two witnesses Robertson believed would testify in his defense at trial. Robertson asserts that Elliott should have called Sergeant Artis and his friend Newell. Appellant's App. p. 7. For the purposes of analyzing a claim of ineffective assistance of counsel, counsel's decision regarding what witness to call is a matter of trial strategy, which an appellate court will not second-guess. <u>Johnson v. State</u>, 832 N.E.2d

8

985, 1003 (Ind. Ct. App. 2005); see also Wrinkles v. State, 749 N.E.2d 1179, 1200 (Ind. 2009) (Stating that "which witnesses to call is the epitome of a strategic decision.").

Elliott testified that his decision not to call Sergeant Artis or Newell was strategic. PCR Tr. p. 40. While Robertson believed that the two men would be favorable witnesses and would deny that he was the individual in a surveillance video, he was incorrect. Both Sergeant Artis and Newell told Elliot that they would testify that Robertson was indeed the man in the surveillance video. Id. at 40-41. Moreover, Elliott did call a witness, Billy Smith, who testified that Robertson was not the man in the video. Id. at 41. Under these circumstances, we cannot say that Elliott was ineffective.

Robertson also contends that Elliott provided ineffective assistance of counsel when he failed to request a mistrial after the trial court issued an admonishment that did not accurately reflect Lieutenant Faw's testimony. The exchange in question is as follows:

> Q: Alright, An' was there anything that you were attempting to do as these pictures were selected to be put on the page?
>
> A: No. I actually called the jail. . .
>
> MR. ELLIOTT: Objection, Your Honor. Can we approach?

Tr. p. 13. Following this exchange, the trial court held a bench conference, during which Elliott asked for an admonishment regarding the implication that Robertson had spent time in jail. The trial court agreed to provide such an admonishment and told the jury to "disregard the witness's last answer which I believe was a one word answer of yes." Id.

at 315. Robertson asserts that Elliott should have asked for a mistrial when the trial court incorrectly identified the statement made by Lieutenant Faw.

At the outset, we note that it does not appear that Robertson raised this issue in his post-conviction relief petition, and, therefore, he has waived consideration of this issue. Issues not raised in the post-conviction relief petition may not be raised for the first time on post-conviction appeal. Allen v. State, 749 N.E.2d 1158, 1171 (Ind. 2001).

Waiver notwithstanding, Elliott was not ineffective for failing to request a mistrial, because his decision was strategic. Elliott testified that he believed that the trial court's admonishment "adequately protected" Robertson and chose not to object again, as he believed it would only call further jury attention to the matter if the court were to use the word jail. PCR. Tr. p. 37-38. Furthermore, the trial court was unlikely to grant a mistrial for one mention of the word jail. See Lucio v. State, 907 N.E.2d 1008 (Ind. 2009) (stating that the remedy of a mistrial is "extreme strong medicine that should only be prescribed when no other action can be expected to remedy the situation at the trial level."). Elliott determined that, under the circumstances, the best strategy was to avoid drawing further attention to the word jail.

Next, Robertson claims that Elliott failed to provide effective assistance of counsel when he advised him to enter a guilty plea regarding his habitual offender charge. According to Robertson, Elliott told him that the trail court would show lenience at sentencing if he agreed to plead guilty to the habitual offender count. Once again, we

note that Robertson has waived this claim, as it does not appear that he raised it in his PCR petition. <u>Allen</u>, 749 N.E.2d at 1171.

Waiver notwithstanding, Robertson failed to show that Elliott promised him that the judge would offer leniency if he pleaded guilty on that count. As noted above, a post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. <u>Henley</u>, 881 N.E.2d at 643.

At the evidentiary hearing, Elliott testified that he had never promised or suggested to Robertson that the trial court would show leniency if Robertson pleaded guilty to the habitual offender charge. PCR Tr. p. 44. Elliott testified that he did not tell Robertson that it would be in his best interest to plead guilty, but rather, that he suggested that Robertson plead guilty because "they're gonna be able to prove their case." <u>Id.</u> The only evidence Robertson presented in favor of his claim that Elliottt promised him the trial court would be lenient was his own unsupported allegation. <u>Id.</u> This led the trial court to issue a finding, as a matter of fact, that Elliottt did not make any promise of leniency when advising Robertson to plead guilty to the habitual offender charge, and leads us to find that Robertson did not show that Elliott provided ineffective assistance of counsel when advising him in the matter. Appellant's App. p. 5.

Robertson also contends that trial counsel was ineffective for failing to use an expert to contest witnesses' identification of Robertson in the surveillance video. Once

11

again, we note that it appears Robertson did not raise this issue in his post-conviction petition and has, therefore, waived it. Allen, 749 N.E.2d at 1171.

Waiver notwithstanding, Robertson presented no evidence that the lack of an expert prejudiced him in any way.

When, at the post-conviction hearing, Elliott was asked if he felt there was any area where he believed that his "performance fell below professional standards," he stated that he did wish that he had retained an expert on identification but that it was his "thinking that strategically I could handle that during cross-examination and voir [dire], and argument at closing." PCR Tr. p. 49-50. Moreover, Elliott testified that he was unsure the court would grant a request for expert testimony, and that he based his decision not to obtain an expert on Robertson's incorrect assertions that there were three witnesses who would testify that Robertson was not the individual in the surveillance video. Id. at 50. Additionally, Elliott did call Billy Smith to testify that Robertson was not the man in the video. Id. at 41.

Elliott's decision not to retain an expert for identification was a reasonable and strategic one, which we will not second-guess. See State v. Moore, 678 N.E.2d 1258, 1261 (Ind. 1997). (Stating that "finally, although egregious errors may be grounds for reversal, we do not second-guess strategic decisions requiring reasonable professional judgment even if the strategy or tactic, in hindsight, did not serve the defendant's interest.").

Finally, Robertson argues that Elliott was ineffective for failing to object to his sentence on double jeopardy grounds. More particularly, Robertson maintains that double jeopardy principles were violated when his criminal history was used as both an aggravator and as support for the habitual offender finding. At the outset, Robertson has waived this claim, as he did not raise it in his post-conviction petition for relief. Allen, 749 N.E.2d at 1171.

Waiver notwithstanding, Elliott did not provide ineffective assistance of counsel by failing to object to Robertson's sentence on double jeopardy grounds.

In Pedraza v. State, our Supreme Court held that "when a trial court uses the same criminal history as an aggravator and as support for a habitual offender finding, it does not constitute impermissible double enhancement of the offender's sentence." 887 N.E.2d 77, 80 (Ind. 2008). Therefore, Elliott had no reason to object to the sentence, as the trial court was acting within its discretion, and his failure to do so did not constitute ineffective assistance of counsel.

## B. Ineffective Assistance of Counsel – Appellate Counsel

Robertson also contends that his appellate counsel failed to provide effective assistance of counsel when he did not raise an argument concerning the sufficiency of the evidence underlying the habitual offender finding. More particularly, Robertson contends that appellate counsel, David Payne, should have raised the sufficiency of the evidence argument because he asserts that the State was required to introduce evidence showing that he was an habitual offender, but did not.

13

Ineffective assistance of appellate counsel claims generally fall into three categories: 1) denial of access to an appeal; 2) waiver of issues; and 3) failing to prevent issues well. Henley v. State, 881 N.E.2d 639, 644 (Ind. 2008). The standard for evaluating claims of ineffective assistance of counsel at the appellate level is the same two-prong Strickland standard used for trial counsel. 466 U.S. at 668; Allen v. State, 749 N.E.2d 1158, 1166-67 (Ind. 2001). Therefore, Robertson must prove that appellate counsel performed deficiently and that he was prejudiced as a result. Id.

Robertson's contention that the State was required to provide evidence proving that he was an habitual offender when he had pleaded guilty to the charge and admitted to the allegations contained in the habitual offender information is incorrect. As the trial court stated, "in essence, Robertson alleges that 'pleading guilty' is not enough evidence to find that he is a habitual offender." Appellant's App. p. 11. Our Supreme Court has held that "since a defendant may plead guilty to an habitual offender charge, the State is relieved of its burden of proof on that charge just as a plea of guilty eliminates the need to prove beyond a reasonable doubt the commission of the pending felony." Frazier v. State, 490 N.E.2d 315, 316 (Ind. 1986). Thus, Robertson's argument fails. To hold otherwise would, as the post-conviction court noted, "mean that virtually every plea hearing held in this state is defective, and hundreds of thousands of convictions must be vacated." Appellant's App. p. 12.

## C. Post-Conviction Court Bias

Robertson contends that the post-conviction court showed bias when it ruled in the State's favor on his post-conviction relief petition despite the fact that the State filed no findings of fact or conclusions of law. Robertson asserts that the post-conviction Judge showed bias when he "chose to rule opposite the uncontroverted facts." Appellant's Br. p. 20.

When the impartiality of a judge is challenged on appeal, the court presumes that the judge is unbiased and unprejudiced. Lee v. State, 735 N.E.2d 1169, 1172 (Ind. 2000). In order to rebut that presumption, Robertson needed to establish, from the judge's conduct, actual bias or prejudice that places him in jeopardy. Smith v. State, 770 N.E.2d 818, 823 (Ind. 2002). Adverse rulings alone are not adequate to establish bias per se. Moore v. Liggins, 685 N.E.2d 57, 63 (Ind. Ct. App. 1997) .

Here, Robertson offers no evidence of bias or prejudice, but rather relies on the mistaken assertion that where one party's findings and conclusions are not contested by the State, the trial court is required to accept these findings and conclusions. However, Robertson is incorrect; under Post-Conviction Rule 1(6), the post-conviction court must "make specific findings of fact, and conclusions of law on all issues presented;" the court may exercise its discretion when issuing its findings of fact and conclusions of law.

The post-conviction court was not required to accept Robertson's findings simply because the State did not file findings of its own. Thus, this argument fails.

15

Finally, Robertson argues that the post-conviction court failed to address all the issues Robertson raised in his post-conviction relief petition. However, Robertson did not include his post-conviction relief petition in the record and has given this Court no way of evaluating this claim. In addition, we have found that Robertson has waived some of these claims. Robertson had the burden of providing this Court with an adequate record to allow it to evaluate his claims. Richey v. State, 426 N.E.2d 389, 395 (Ind. 1981). He did not, and therefore, the issue is waived. Id

The judgment of the post-conviction court is affirmed.

BARNES, J., and CRONE, J., concur.